# Watson *v.* The State.

## *Murder.*

(Decided February 6, 1913.   61 South. 334.)

1. *Witnesses; Competency; Wife of Accomplice.*—On a trial of co-defendants, where a severance has been demanded and granted, the wife of a co-defendant not on trial is a competent witness against her husband's alleged accomplice so long as she is not required to testify to facts tending to incriminate her husband.

2. *Evidence; Reputation of Accused.*—The good reputation which a defendant may establish must be general, and it is not error therefore to exclude testimony as to how defendant "stood with the law-abiding people;" nor is it error to exclude a question as to whether witness knew defendant's character for peace and quiet in the neighborhood, as being too narrow.

3. *Trial; Exceptions to Evidence; Necessity.*—The fact that exceptions were taken to testimony that a witness was present when another person was taken to see if she could identify defendant as a man she saw previously, were not sufficient to preserve objections to subsequent hearsay testimony that such person did so identify the accused.

4. *Homicide; Evidence.*—Evidence as to decedent's character was not admissible in the absence of evidence tending to show that defendant was acting in self-defense.

5. *Same; Degree; Execution of Unlawful Plot.*—A killing pursuant to a conspiracy to do a decedent grievous bodily harm renders each conspirator guilty of murder.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. FRANK CAHALAN.

William Watson was convicted of murder in the first degree and he appeals.   Affirmed.

The question to the witness Mack Sewell was after he had testified to defendant's good character: "Do you know his character for peace and quiet in that neighborhood?"   Charge 2 is as follows: "If the jury believe from the evidence that William Watson had no reason to believe, and did not believe, that Arthur Jones or Walter Jones intended to take the life of John Holland,

but merely intended to do him grievous bodily harm, then the defendant would not be guilty of murder in the first degree, even though the defendant knew that a difficulty might arise in which John Holland's life might be taken."

JULIUS W. DAVIDSON, and WILLIAM H. SMITH, for appellant. Admissions implied from silence are received with great caution.—*Breil v. Exchange Nat. Bank*, 172 Ala. 479. The wife of a co-defendant is an incompetent witness.—*Woods v. State*, 76 Ala. 38. This is true as against a co-defendant of the husband.—6 Enc. of Evid. *Fincher v. State*, 58 Ala. 215; *Howell v. State*, 58 Ala. 364. The court was in error in permitting the evidences of identification, and the fact that identification was made as it all called for hearsay testimony.— 1 Mayf. 324; *Cotton v. State*, 87 Ala. 75. On a trial for murder defendant can always introduce evidence of his good character for peace and quiet in the neighborhood. —*Gibson v. State*, 89 Ala. 121; *Field v. State*, 47 Ala. 603; *Morgan v. State*, 88 Ala. 22; 12 Cyc. 413, and authorities there cited. While parties are responsible for acts growing out of a general design, they are not responsible for individual acts growing out of the particular malice of the individual.—*Williams v. State*, 81 Ala. 1; *Pierson v. State*, 99 Ala. 148; *Evans v. State*, 109 Ala. 11.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and BORDEN H. BURR, for the State. In the absence of evidence showing self-defense, evidence as to the character of deceased for peace and quiet is not admissible.—*Robinson v. State*, 155 Ala. 67; *Green v. State*, 143 Ala. 2; *Rutledge v. State*, 88 Ala. 85; *Jackson v. State*, 90 Ala. 590, and

authorities there cited. The attempt to prove the character of defendant was not general, but was confined to too narrow limits. The wife is a competent witness against a co-defendant where a severance has been granted, and her husband is not on trial, provided she is not required to incriminate the husband.—*Woods v. State,* 76 Ala. 35; 6 Enc. of Evid. 808; 5 Wig. 235, and authorities cited. Charge 2 was properly refused.— *Stiles v. State,* 59 South. 698; *Martin v. State,* 89 Ala. 115; *Turner v. State,* 97 Ala. 57.

SAYRE, J.—Defendant was indicted jointly with several others for the murder of one John Holland. On defendant's motion there was an order of severance and he was tried separately. John Wade, one of the defendants named in the indictment, and his wife, testified willingly for the state. There was no error in receiving the wife's testimony. A severance having been ordered *(Holley v. State,* 105 Ala. 100, 17 South. 102), the wife was a competent witness against her husband's alleged accomplice so long as she was not compelled to testify to facts tending to criminate her husband.—*Woods v. State,* 76 Ala. 35, 52 Am. Rep. 315; 6 Encyc. Ev. 880(3). See, in this connection, *Johnson v. State,* 94 Ala. 53, 10 South. 427.

Several witnesses deposed that they knew defendant's general character in the neighborhood in which he lived at the time Holland was killed, and that it was good. Defendant reserved an exception because he was not allowed in addition to ask one of them "how he stood with the law-abiding people out there." Defendant's purpose was to add weight to the evidence of his good reputation. He got all he was entitled to have in the testimony of the witness as to his general character. Reputation—and that is what the witness was asked

about—to be provable must be a general reputation. It is "what is generally said of the person by those among whom he dwells or with whom he is chiefly conversant."—*Sorrelle v. Craig,* 9 Ala. 534. It is not necessary that the witness shall know all the opinion of all the neighbors of the person whose character is in issue.—*Hadjo v. Gooden,* 13 Ala. 718. Nor is unanimity of opinion to be expected. "But, if it is not general, then, obviously, it does not exist as a fact, and evidence cannot be received to show a partial, limited, or qualified repute. The existence of a diversity of opinion is one of the means by which a witness may know there is a general reputation, but this means of knowledge, apart from the fact that there is or is not a general reputation, and as a totally independent circumstance, is not the thing to be proved."—*Jackson v. Jackson,* 82 Md. 17, 33 Atl. 317, 34 L. R. A. 773, quoted in section 1612, 2 Wigm. Ev. To this effect are our cases, a number of which may be found cited in *Walker v. State,* 91 Ala. 80, 9 South. 87, a case directly in point. On cross-examination inquiry as to details and the extent of the witness' knowledge is allowed for testing the soundness and value of his opinion.—*Jackson v. State,* 78 Ala. 471. On the examination in chief the inquiry ought always to be of general character.

On the rule laid down, the question asked of the witness Mack Sewell was too narrow, and error will not be affirmed of the court's action in sustaining the state's objection to it.

There was no error in the rulings in reference to the evidence offered to prove the character of deceased. In the evidence offered on behalf of the state there was not the faintest glimmer of any hostile act upon the part of the deceased, while the defense was that defendant was not present and had neither part in nor knowledge

of the killing of deceased. In the absence of some show-
ing of self-defense, the character of the deceased was
not admissible in evidence for any purpose.—*Green v.
State,* 143 Ala. 10, 39 South. 362.

Counsel for appellant mistakenly reads the record as
showing that he objected or excepted to the action of
the trial court in allowing the state to prove by hearsay
that one of the witnesses for the state had identified
defendant in the jailyard as a person she had seen about
the time of the killing under circumstances to connect
him with the killing. He objected and excepted only to
the first question put to the witness Thompson, by whom
another witness' identification of defendant was proved.
That question inquired whether the witness had been
present in jail when Mrs. Wade was "taken over to see
if she would identify this man (the defendant) as being
the man she saw last June." The answer was, "I was."
This question and the answer were introductory only
and quite harmless in themselves. The court could not
know what was to follow. Defendant should have per-
severed. He should have objected when the examination
and the testimony reached the point of proving that
another witness had identified the defendant. But at
that point he said nothing. The court cannot be put in
error on this showing.

Charge 2, requested by defendant, was properly re-
fused. The evidence for the state tended strongly to
show a deeply laid plot between defendant and his co-
defendants to take the life of deceased and the execution
of the plot in cold blood and without any pretense of
extenuation or justification. There is in the evidence
nothing to suggest the thought that defendant's co-con-
spirators intended merely to do deceased grievous bodily
harm without going to the extremity of taking his life.
But conceding that a jury might possibly have inferred

a purpose in accord with the hypothesis of the charge, the charge was nevertheless erroneous. To kill in the execution of such a plot is for each conspirator to commit murder.—*Martin v. State*, 89 Ala. 115, 8 South. 23, 18 Am. St. Rep. 91.

Some other rulings are noted for error in the bill of exceptions, though they are not argued by counsel. They have been examined. No reversible error has been found, and the sentence of the law must be executed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.