(87 South. 177)

## CHARLEY v. STATE. (I Div. 132.)

(Supreme Court of Alabama. Dec. 2, 1920.)

1. **Criminal law ⬅═➤622(1)—Question of severance rests in discretion of trial court.**

Though several defendants were jointly indicted, neither has the inherent right to demand joint trial, and where there is no demand for a separate trial as provided by Code 1907, § 7842, such right under rule 31, Code 1907 (vol. 2), p. 1525, is waived, and the question of severance rests in the sound discretion of the trial court, and a severance may be ordered without request.

2. **Criminal law ⬅═➤1086(10)—Order as to venire in capital cases need not be part of record proper.**

Under Acts 1915, p. 708, Supreme Court rule 27, as amended March 23, 1918 (198 Ala. xv, 77 South. vii), the order as to the venire in a capital case, regulated by Acts 1909, p. 305, and Acts 1919, p. 1039, need not be a part of the record proper.

3. **Criminal law ⬅═➤517(2)—Confession admissible on predicate showing it was voluntary.**

In a prosecution for murder, the confession of defendant is admissible after proper predicate showing it to have been voluntary.

4. **Criminal law ⬅═➤1036(1)—Admission of confession will not be reviewed in absence of objection.**

Where no objection was made to the introduction in evidence of the several confessions of defendant and his coconspirators, nothing was presented for review.

5. **Witnesses ⬅═➤318—Where credibility of defendant not attacked, his reputation for truth inadmissible.**

Where defendant took the stand and his credibility was not attacked, evidence as to his reputation for truth and veracity is inadmissible, for he cannot in that manner be permitted to support his own testimony, although a defendant when impeached may sustain his character for truth and veracity by evidence of his reputation covering the period to the time of the trial.

6. **Criminal law ⬅═➤379—Reputation of defendant must be general reputation.**

In a criminal prosecution, where evidence of good character is offered, the evidence must be as to the defendant's general reputation, and a witness cannot state his private opinion.

---

⬅═➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Dan Charley was convicted of murder in first degree, and he appeals. Affirmed.

J. C. Crouch, of Mobile, for appellant.
No brief came to the reporter.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Transcript in this case contains everything that is required. Section 6256, Code 1907. It is within the discretion of the court whether defendants jointly indicted shall be tried jointly or separately. Section 7842, Code 1907; 108 Ala. 60, 18 South. 941; 103 Ala. 23, 15 South. 820; 67 Ala. 55, 42 Am. Rep. 95; 112 Ala. 55, 21 South. 56. The jury was properly drawn. Acts 1919, p. 1039. The state has not attacked the defendant's reputation for truth and veracity, and the defendant could not bolster his evidence by proof of good character for truth and veracity. 159 Ala. 14, 48 South. 858; 181 Ala. 53, 61 South. 334.

THOMAS, J. The indictment was for murder in the first degree against defendant Dan Charley, and his punishment was fixed at "death by hanging."

[1] The record recites an order of severance; whether at the instance of defendant or by the court ex mero motu is not stated. When two or more persons are jointly indicted, there is no inherent right in either of the defendants to demand a joint trial with his codefendants; and if there is no demand for a separate trial as provided by statute (Code, § 7842), whether the trial shall be joint or several rests within the sound discretion of the court. Wilkins v. State, 112 Ala. 55, 21 South. 56; Jackson v. State, 104 Ala. 1, 16 South. 523; Wright v. State, 108 Ala. 60, 18 South. 941; Burkett v. State, 154 Ala. 19, 45 South. 682; Woodley v. State, 103 Ala. 23, 15 South. 820; Marler v. State, 67 Ala. 55, 42 Am. Rep. 95; Palmer v. State, 15 Ala. App. 262, 73 South. 139; Ex parte Palmer (denying writ of certiorari) 198 Ala. 693, 73 South. 1001; Rule 31, Code, vol. 2, p. 1525. The court committed no error in ordering severance as to defendant, Dan Charley, in his separate arraignment, and in setting his case for trial after his plea of "not guilty."

[2] The distinction between the act of August 31, 1909 (Laws 1909, p. 305), and that of September 29, 1919 (Laws 1919, p. 1039) as to what should constitute the venire in capital cases was the subject of discussion in Walker v. State, 85 South. 787 [1]. In the instant case no question was raised in the court below as to the sufficiency of the venire, and the order of the court as to the venire is not presented for review. That order need not have been a part of the record proper. Anderson v. State, 85 South. 789; [2] Hendley v. State, 200 Ala. 546, 76 South. 904; Hardley v. State, 202 Ala. 24, 79 South. 362; Paitry v. State, 196 Ala. 598, 72 South. 36; Waldrop v. State, 185 Ala. 20, 64 South. 80; Acts 1915, p. 708; Sup. Ct. Rule 27, as amended March 23, 1918, 198 Ala. xv, 77 South. vii.

[3, 4] The confession of the defendant was admitted in evidence after a proper predicate was laid showing it to have been voluntary. Curry v. State, 203 Ala. 239, 82 South. 489, 492. No objections were made to the introduction in evidence of the several confessions of defendant and his coconspirators; and as to this ruling nothing is presented for review, as would have been the case if due exception had been reserved on the trial. Patterson v. State, 202 Ala. 65, 79 South. 459; Nat. Park Bank v. L. & N. R. R. Co., 199 Ala. 192, 197, 74 South. 69.

[5] The defendant, having testified in his own behalf, introduced a witness, Finch, who testified that he had known the defendant for about four years, and was asked, "Do you know what his general reputation for veracity, truthfulness, and integrity is?" The state's objection to the question (on the ground that it called for incompetent, illegal, irrelevant, and immaterial testimony) being sustained, defendant reserved an exception. Witness Mertz, having testified that he had known the defendant four or five years, was asked, "Do you know his reputation for truthfulness and veracity?" and, "Do you know what his reputation is?" The state's objection to the questions (as irrelevant, illegal, immaterial, and improper) was likewise sustained, to which ruling defendant excepted. When an accused has testified as a witness, the credibility of his testimony may be impeached like that of any other witness, by the state showing his general bad character for truth and veracity in the neighborhood in which he lived to the time of the trial. A defendant so impeached may, of necessity, then sustain his character for truth and veracity by evidence covering the period to the time of the trial. Smith v. State, 197 Ala. 193, 199, 72 South. 316; Parker v. Newman, 200 Ala. 103, 109, 75 South. 479; Cox v. State, 162 Ala. 66, 50 South. 398; Rains v. State, 88 Ala. 91, 99, 7 South. 315; Mitchell v. State, 14 Ala. App. 46, 70 South. 991. State's counsel having made no attempt to impeach defendant for "truth and veracity," defendant could not be permitted to support his own testimony by evidence that at the time of the trial he was a man whose general reputation for truth and veracity in the neighborhood in which he lived was good. For a like reason the question to witness Finch was objectionable as an inquiry with

---

[1] Ante, p. 474.

[2] Ante, p. 476.

respect to defendant's general reputation for truth, veracity, and integrity. If defendant had sought to offer evidence of his general good character in a neighborhood in which he had lived before or at the time of the homicide, a different question would have been presented. Smith v. State, supra; Parker v. Newman, 200 Ala. 103, 109, 75 South. 479; Hughes, Ev. p. 43, § 9. Such were not the questions propounded to said witness. It is further observed of said several questions propounded that it was not sought to elicit the fact that the witness knew the general character or reputation of the defendant to be good in the neighborhood in which he lived at the time Selig Jachnitz was killed, or in which defendant had theretofore lived.

[6] Reputation, to be provable, must be a general reputation; "what is generally said of the person by those among whom he dwells or with whom he is chiefly conversant." Watson v. State, 181 Ala. 53, 56, 61 South. 334; Andrews v. State, 159 Ala. 14, 26, 48 South. 858; Smith v. State, supra; Glover v. State, 200 Ala. 384, 385, 76 South. 300. A witness is not permitted to state his mere private opinion of the individual whose character is in question, but can only state its general estimate in the community where such individual has resided. Glover v. State, supra, 200 Ala. 386, 76 South. 300.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and BROWN, JJ., concur.