(88 South. 868)

## DAVIS v. STATE. (1 Div. 169.)

(Supreme Court of Alabama. May 12, 1921.)

**1. Criminal law ⬥1129(1) — Assignments of error unnecessary.**

Assignments of error are not necessary in a criminal case, under Code 1907, § 6264.

**2. Jury ⬥70(3)—Order fixing number of persons to constitute venire erroneous.**

An order of court in murder prosecution, fixing number of persons to constitute the venire at 100, and directing that these 100 persons be composed of the 37 regular jurors drawn and summoned for the week the case was set for trial and 63 jurors drawn from the jury box by the court, was erroneous; the law requiring that the venire be composed of the regular jurors drawn for the week the case was set for trial, and a sufficient number of special jurors to complete the number fixed in the order, under Acts 1919, p. 1039, § 32.

**3. Criminal law ⬥1166½(5)—Error in order as to jurors held not reversible.**

An order of court in murder prosecution, fixing number of persons to constitute the venire at 100, and directing these 100 persons be composed of the 37 regular jurors drawn and summoned for the week the case was set for trial and 63 jurors drawn from the jury box by the court, instead of requiring that the venire be composed of the regular jurors drawn for the week the case was set for trial, and a sufficient number of special jurors to complete the number fixed in the order, as required by Acts 1919, p. 1039, § 32, was not reversible error, where it was without prejudice to the defendant.

Sayre, J., dissenting.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Richard Davis, alias, was convicted of murder in the first degree, and sentenced to death, and appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State. No brief came to the Reporter.

MILLER, J. The defendant was indicted, tried, and convicted of murder in the first degree. His punishment was fixed at death.

[1] There are no assignments of error. This is not necessary in a criminal case. Section 6264, Criminal Code 1907.

We find no briefs in the record. There is no bill of exceptions in the transcript. None of the testimony is before us. We have read carefull, the record.

[2] The court on July 19, 1920, fixed the number of persons to constitute the venire at 100. It directed that these 100 persons be composed of the 37 regular jurors drawn and summoned for the week the case was set for trial and the 63 jurors drawn from the jury box by the court. This was error. The law requires that the venire be composed of the regular jurors drawn for the week the case is set for trial, and a sufficient number of special jurors to complete the number fixed in the order. Acts 1919, p. 1039, § 32 (approved September 29, 1919).

[3] In the case of Walker v. State, 85 South. 787,[1] a similar order was held to be error, but not reversible, as it was without prejudice to the defendant. See, also, Edwards v. State, 87 South. 179; [2] Charley v. State, 204 Ala. 687, 87 South. 177; Anderson v. State, 204 Ala. 476, 85 South. 789.

We find no reversible error in the record. Affirmed.

All the Justices concur, except SAYRE, J., who dissents.

[1] 204 Ala. 474,     [2] Ante, p. 160.