(93 South. 706)

### STONE v. STATE.   (8 Div. 399.)

(Supreme Court of Alabama.   June 29, 1922.)

1. **Criminal law ⊙⟿1114(1)—Appellate court must consider all questions apparent of record or properly raised by exceptions.**

In a criminal case, the duty is laid on the appellate court to consider all questions apparent upon the record or reserved by bill of exceptions that are properly presented, and render judgment as the law demands.

2. **Criminal law ⊙⟿1129(1)—Assignments of error not necessary.**

Assignments of error by defendant appealing are not necessary.

3. **Criminal law ⊙⟿519(3) — Confession not rendered inadmissible because made while under arrest.**

The fact that an accused was under arrest at the time of his confession did not render his declarations inadmissible after a proper predicate had been laid.

4. **Criminal law ⊙⟿409, 532(½), 538(2)— Court determines whether admission or confession is voluntary, and jury must accept evidence subject to consideration of credibility.**

It is the duty of the court to determine whether an admission or confession of the defendant is voluntary, and after the court has determined its admissibility the jury must accept the evidence, and their duty is confined to a consideration of its credibility.

5. **Criminal law ⊙⟿376—Witnesses ⊙⟿337(3) —Evidence as to character and veracity as accused not to be confused with character and veracity as witness.**

The accused has a dual testimonial capacity: (1) In his capacity as accused; (2) in his capacity as a witness—and the evidence of his character as accused is not to be confused with

the evidence of his character or reputation for truth and veracity as a witness.

6. **Witnesses ⊙⟿337(3), 360 — Accused as a witness may be impeached by showing reputation for veracity, and may contradict such evidence.**

When accused has testified as a witness, his testimony may be impeached, as that of any other witness, by showing a general bad reputation for truth and veracity, which impeaching testimony he may refute by contrary evidence of his truth and veracity during the same period.

7. **Witnesses ⊙⟿318 — Evidence of accused's reputation for truth and veracity not admissible, when no effort has been made to impeach him as a witness.**

Where no evidence has been adduced to impeach the testimony of accused as a witness, he is not entitled to introduce evidence of his general reputation for truth and veracity, though this does not involve any question of his right to introduce negative testimony in support of his good character.

8. **Witnesses ⊙⟿351—Proper foundation for impeaching witness as to character stated.**

As a proper predicate for impeaching testimony, the impeaching witness should be asked, "Do you know the general reputation of the witness A. for truth and veracity in' the community in which he resides?" and if the witness gives an affirmative answer the question should be "Is that reputation good or bad?" and with this foundation he may then be asked if he would believe him under oath.

9. **Witnesses ⊙⟿355, 358—Impeaching witness may be cross-examined as to the source of his knowledge, which must be based on general reputation.**

A witness having given testimony impeaching defendant, he may be cross-examined as to the source of his knowledge, which must have been based on general reputation in the neighborhood where defendant resided or did business, not an opinion from personal experiences, observations, or rumor.

10. **Witnesses ⊙⟿355—Impeaching testimony based on personal opinion held improperly admitted.**

Admission of testimony of an impeaching witness, that defendant was not to be believed under oath *held* reversible error, as improperly predicated, where the witness on cross-examination testified that he did not know what others said about defendant, he had never heard it discussed, but "had an opinion of his own."

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Joe Stone was convicted of murder in the first degree, and he appeals. Reversed and remanded.

John B. Tally, of Scottsboro, for appellant.

A confession by defendant to an officer, who made him throw up his hands, searched him, and put handcuffs on him, was not vol-

_____

untary. 66 Ala. 569; 69 Ala. 255; 81 Ala. 69, 1 South. 574; 103 Ala. 27, 15 South. 821; 95 Ala. 1, 11 South. 218, 94 Ala. 50, 10 South. 433.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The fact that accused was under arrest at the time does not render his confession inadmissible. 4 Mich. Ala. Dig. 238, 246.

THOMAS, J. The trial and conviction was for murder in the first degree, and the death penalty was imposed.

[1, 2] In a criminal case the duty is laid upon this court to "consider all questions apparent upon the record or reserved by bill of exceptions," that are properly presented for our consideration under the statute as construed by this court, and "render such judgment as the law demands." Assignments of error by a defendant appealing are not necessary in a criminal case. Davis v. State, 205 Ala. 673, 88 South. 868; McPherson v. State, 198 Ala. 5, 73 South. 387; Acts 1915, p. 815; Code, § 6264; Howerton v. State, 191 Ala. 13, 67 South. 979. It should be noted that there are questions, under the Act of 1915 (p. 815), as construed by this court, when an exception is necessary to a review. McPherson v. State, supra; Tucker v. State, 202 Ala. 5, 79 South. 303; Ex parte State ex rel. Smith (Montgomery v. State) 204 Ala. 389, 85 South. 785; Ross v. State, 16 Ala. App. 393, 78 South. 309; Morrissette v. State, 16 Ala. App. 32, 75 South. 177.

[3, 4] The fact that the accused was under arrest at the time of the confession did not render his declarations inadmissible, after a proper predicate had been laid. Curry v. State, 203 Ala. 239, 82 South. 489; Cunningham v. State (Ala. Sup.) 93 South. 446;[1] 4 Mich. Dig. Ala. Rep. p. 246, § 350 (3). The duty of determining whether an admission or confession of the defendant was voluntary rests with the trial court; and when, after inquiry, the court determines the admissibility, the jury must accept the evidence, and their duty is confined to a consideration of its credibility. 4 Mich. Dig. p. 326, § 490 (2). The testimony of the state's witness Watkins was properly admitted. Defendant's own testimony was practically to the same effect.

After the defendant, his wife and sister had testified in his behalf, the state introduced as a witness Mr. Bynum, who testified that he was raised in the town of Scottsboro, and had "known Joe Stone 25 or 30 years, and his wife, Aunt Lou, and sister, Emma, about same time; their general character is bad." On objection the testimony was "limited to truth and veracity" by the court. Witness, continuing, said: "If interested, they are not to be believed on oath." On cross-examination the witness said:

"I don't know what others say about Joe's character for truth. I have never heard it discussed. I have an opinion of my own."

Defendant's counsel moved to exclude the testimony of this witness upon the ground that he "never heard his character discussed as to truth, and don't know what others say" thereof. The court overruled the motion of defendant to exclude this evidence, and duly reserved exception. On defendant's further objection the court excluded the statement that witness "had an opinion of his own." The effect of this ruling declining to exclude this evidence of defendant's general character for truth and veracity was to permit the witness to testify that defendant's general character was bad, and, of his "character for truth," that it was bad, without requiring the witness to declare the proper predicate. He should have been required to testify that he *knew the general character of the defendant in the neighborhood in which he lived*, or had lived, before being permitted to state his "general character is bad," and before declaring that, "if interested," defendant "was not to be believed on oath." On cross-examination the insufficiency of knowledge of the witness was tested, and the admission made that witness did not know what others say about defendant's "character for truth"; that he "never heard it discussed," but that the witness had "an opinion of his own." The fact that thereafter, on defendant's motion, the court excluded the witness' statement that he had "an opinion of his own" did not relieve the injurious effect of the former ruling with respect to evidence of defendant's general bad character and evidence of bad character for truth and veracity without a proper predicate.

[5] It should ever be borne in mind in dealing with character and veracity that the character evidence of a party to the litigation or prosecution and character evidence of such party for truth and veracity are separate and distinct; and the rules applicable are not the same in each of the dual testimonial capacities that results, when an accused offers himself as a witness: (1) In "his capacity as an accused"; and (2) "his capacity as a witness." Hughes on Ev. p. 43, § 9; 1 Wharton's Crim. Ev. (10th Ed.) § 433, p. 908; Smith v. State, 197 Ala. 193, 72 South. 316; Parker v. Newman, 200 Ala. 103, 75 South. 479.

[6, 7] When an accused has testified as a witness, the credibility of his testimony may be impeached like that of any other witness. One method of impeachment is by the state showing his general bad character, or general reputation for truth and veracity in the neighborhood in which he lived or conducted his business, or in which he had theretofore lived or had business dealings. This testimony may cover the time to that of his trial. A defendant so impeached, if he wishes and

[1] 207 Ala. 433.

can, may sustain his general character or reputation for truth and veracity by evidence covering the period to the time indicated. Charley v. State, 204 Ala. 687, 87 South. 177; Smith v. State, 197 Ala. 193, 199, 72 South. 316; Parker v. Newman, 200 Ala. 103, 109, 75 South. 479; Cox v. State, 162 Ala. 66, 70, 50 South. 398; Hughes on Ev. p. 43, § 9. As was stated in Charley v. State, supra, it was to be observed of questions propounded to the witness that—

"It was not sought to elicit the fact that the witness knew the general character or reputation of the defendant * * * in the neighborhood in which he lived," or had theretofore lived.

The question for decision involves no right of defendant to introduce *negative* testimony in support of his good character, which right has been long recognized by the old textwriters and authorities. Mr. Justice Somerville, in Hussey v. State, 87 Ala. 121, 131, 6 South. 420, gave the reason for the rule as that stated by Taylor, Wharton, and Bishop:

"That the best character is generally that which is least talked about," and that "the courts have found it necessary to permit witnesses to give negative evidence on the subject, and to state that 'they never heard anything *against* the character of the person on whose behalf they have been called.'" Wharton, Cr. Ev. (8th Ed.) § 58; 1 Wharton, Law Ev., § 49; 1 Taylor's Ev., § 350; 1 Bishop, Crim. Proc. (3d Ed.) § 1117.

Early cases in this and other jurisdictions are Reg. v. Cary, 10 Cox Cr. Cas. 25; Hadjo v. Gooden, 13 Ala. 718; Childs v. State, 55 Ala. 28; Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31; and later cases are Glover v. State, 200 Ala. 384, 385, 76 South. 300; Roberson v. State, 175 Ala. 15, 57 South. 829; Smith v. State, 13 Ala. App. 399, 69 South. 402.

[8] It is a question of defendant's character or reputation, and whether properly made the subject of inquiry in a court of justice; and, if so, it means the estimate in which the individual is generally held in the community in which he resides or has resided. Glover v. State, supra; Watson v. State, 181 Ala. 53, 56, 61 South. 334; Jackson v. State, 78 Ala. 471. That is to say, evidence of character goes to "general repute, not particular acts, or specified conduct, the parties litigant being presumed to be prepared to meet the one and not the other, which might often do injustice by taking by surprise." Hussey v. State, supra; Steele v. State, 83 Ala. 20, 3 South. 547; Watson v. State, supra; Jones v. State, 76 Ala. 8; Wharton's Cr. Ev. §§ 58, 254, et seq.; Greenleaf on Ev. (15th Ed.) § 461; 2 Wigmore, § 1612. In his latest edition on Criminal Evidence (10th Ed., vol. 1, § 487) Mr. Wharton says that "'character' is controvertible with 'reputation' [sections 57, 58, 63]; that is to say, that the character to be proved in court is that which the party bears in the community in which he resides"; and not the real qualities of the individual as conceived by the witness; that this may differ from the actual disposition of the man, but since it is his reputation that fixes his standing in the community, it "seems unanswerable that his reputation in the community is the only matter about which the court is concerned. * * * The practice adopted * * * is to inquire, in substance, 'Do you know the general reputation of the witness A. for truth and veracity in the community in which he resides?'" Crawford v. State, 112 Ala. 1, 21 South. 214. If the witness replies in the affirmative, the question is: "Is that reputation good or bad?" This is the requirement of law for a proper predicate. When the competency of the impeaching witness is thus shown, he may then be asked if he would believe the witness under oath. Mitchell v. State, 94 Ala. 68, 10 South. 518.

[9, 10] The impeaching witness who has sworn to the general character of a defendant or has impeached a defendant or witness for truth and veracity may be properly cross-examined as to the sources of knowledge of the witness on which he bases the opinion given of the general reputation of defendant or of witness in the respects indicated. It follows on reason and authority that the witness called to speak as to the character or reputation of the defendant or his witness cannot give the results of his own personal experience and observation, or express his own opinion, or merely speak from "rumor," but must have the "requisite knowledge"— the fact of his general character or reputation in the neighborhood where the defendant resides or has resided or does business or has done business, in connection with the personal observation of the witness, must be the basis of the evidence he is permitted to give. Haley v. State, 63 Ala. 83, 86; Sullivan v. State, 66 Ala. 48, 50; Glover v. State, supra; Parker v. Newman, supra; Johnson v. State, 15 Ala. App. 298, 73 South. 210; Donaldson v. Roberson, 15 Ala. App. 354, 73 South. 223. The witness should have been so confined to general reputation. He was properly cross-examined for the purpose of testing his opportunities for ascertaining the general character or reputation of which he had spoken. Watson v. State, 181 Ala. 53, 56, 61 South. 334; De Arman v. State, 71 Ala. 351, 360, 361; Jones v. State, 120 Ala. 303, 308, 25 South. 204; White v. State, 111 Ala. 92, 21 South. 330; 1 Wharton's Cr. Ev. (10th Ed.) §§ 58, 487, 488. The answer of the witness being insufficient, defendant's motion to exclude the evidence should have been granted, and the exception was well taken. Reversible error intervened in overruling his motion. Bullard v. Lambert, 40 Ala. 204; Haley v. State, supra.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., concur.