(100 So. 628)

**McGIMPSEY v. STATE.  (6 Div. 256.)**

(Court of Appeals of Alabama. April 8, 1924. Rehearing Denied May 13, 1924.)

**1. Witnesses ⬀357—Question to character witness properly sustained.**

Objection to question to character witness for defense as to whether from number of years he had known defendant he would believe him on oath, even though his liberty or future welfare was at stake, was properly sustained; general character or reputation not being provable by personal or individual knowledge of witness.

**2. Homicide ⬀163(2)—On issue of character of deceased for peace and quiet, question as to general character held properly excluded.**

Where material inquiry in homicide case was as to character of deceased for peace and quiet, question, asked on cross-examination of character witness for state, as to whether he would consider man of good character who would marry common prostitute, was properly excluded; general character of deceased not being pertinent to issue.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Ben McGimpsey was convicted of murder in the second degree, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte McGimpsey, 211 Ala. 415, 100 South. 629.

John T. Glover, John W. Altman, J. K. Taylor, and W. A. McCall, all of Birmingham, for appellant.

Objection to defendant's questions to the witness Allen were erroneously sustained. Ragland v. State, 178 Ala. 59, 59 South. 637; Burton v. State, 194 Ala. 2, 69 South. 913; Hill v. State, 194 Ala. 11, 69 South. 941, 2 A. L. R. 509; Stanfield v. State, 3 Ala. App. 54, 57 South. 402; Maxwell v. State, 11 Ala.

App. 53, 65 South. 732; Bullington v. State, 13 Ala. App. 61, 69 South. 319.

Harwell G. Davis, Atty. Gen., Lamar Field, Asst. Atty. Gen., and Jim Davis, Sol., of Birmingham, for the State.

Good or bad character cannot be proven by individual knowledge. Stone v. State, 208 Ala. 50, 93 South. 706. Nor by specific acts. 1 Mayfield's Dig. 155; Dupree v. State, 33 Ala. 380, 73 Am. Dec. 422; Franklin v. State, 29 Ala. 14; Eiland v. State, 52 Ala. 322. Discussion of the character of deceased, after his death, was inadmissible. Stanfield v. State, 3 Ala. App. 54, 57 South. 402; Molton v. State, 88 Ala. 117, 6 South. 758, 6 L. R. A. 301.

SAMFORD, J. The evidence was in direct conflict on all material points; that for the state tending to establish a case of murder, and that for the defendant tending to prove self-defense. The homicide took place in a road house owned and run by the defendant in Jefferson county, Ala.

The various written charges requested by defendant and refused by the court relate to the law of self-defense as applied to the facts in the case. The court, in its oral charge, devoted much time and charged at length upon this phase of the case. We have seldom seen in a record an oral charge on this question more clear, and explicit, than here appears. Every right of the defendant under the law of self-defense was explained and emphasized, and every proposition of law set forth in the refused written charges is fully covered. Some of these charges assert correct propositions; but, as every such charge is fully covered in the oral charge, it will not be necessary to discuss them in detail.

The other insistencies of error are based upon the court's rulings on the admission of testimony:

[1] 1. Haden, a character witness for defendant, while being examined, was asked by the defendant:

"From the number of years you have known defendant, I will ask you to tell the jury whether or not you would believe Mr. McGimpsey on oath even though his liberty or his future welfare was at stake."

The court sustained objection to this question, and defendant excepted. Defendant then offered to prove facts indicated in the question. General character or reputation cannot be shown by the personal or individual knowledge of the witness. Stone v. State, 208 Ala. 50, 93 South. 706.

[2] 2. A line of questions by defendant's counsel to character witness on cross-examination is illustrated by the following: Allen was being examined by the state as to the character of deceased for peace and quiet. On cross-examination this witness was asked:

"Would you consider a man of good character who would marry a whore or a common prostitute and take her to the home of his mother and introduce her to his mother, father, and sisters as his wife?"

The court sustained the state's objection to these questions when asked; and defendant excepted. A material inquiry in the case was the character of deceased for peace and quiet, as tending to shed light on the actions of both parties at the time of the difficulty. 8 Mich. Dig. 287 (169). The general character of deceased was not pertinent to the issue. The defendant could not be justified for killing a man of general bad character, nor would that fact tend to establish any pertinent inquiry touching the issue involved. The cases cited by appellant are not in point.

3. The discussion of the character of deceased after his death is not relevant. Character or reputation is made in life and death marks a period.

4. The question relative to the reputation of defendant's witness McDaniel is not of sufficient importance to affect the result one way or another. The defendant's counsel had followed a similar inquiry with reference to this same witness, all of which might have been excluded without prejudice to the defendant.

We find no error in the record. Let the judgment be affirmed.

Affirmed.