(106 So. 512)

### NETTLES et al. v. STATE. (1 Div. 622.)

(Court of Appeals of Alabama. Dec. 8, 1925.)

1. Criminal law ⬤⬤622(2)—Ordering severance as to accused, who was jointly indicted with others, but was not apprehended at time of trial, held within sound discretion of court.

In prosecution for selling prohibited liquor or having possession of it, ordering severance as to one accused person, who had been jointly indicted with others, but had not been apprehended at time of trial, was within sound discretion of trial court.

2. Criminal law ⬤⬤1182—In absence of bill of exceptions, if record is free from error, conviction will be affirmed.

In prosecution for selling prohibited liquor or having possession of it, if there is no bill of exceptions, and no error is apparent on record, conviction will be affirmed.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Mamie Nettles, alias White, and Lillian Burnham, alias White, were convicted of violating the Prohibition Law, and they appeal. Affirmed.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The granting of a severance was within the discretion of the court. Defendant may not demand a joint trial. Burkett v. State, 154 Ala. 19, 45 So. 682; Jackson v. State, 104 Ala. 1, 16 So. 523; Wright v. State, 108 Ala. 60, 18 So. 941; Yarbrough v. State, 105 Ala. 43, 16 So. 758.

RICE, J. The defendants were jointly indicted, tried, and convicted of the offense of violating the prohibition laws by selling prohibited liquor or having it in their possession, and appeal.

[1] There is no merit in the exception reserved to the action of the trial court in ordering a severance as to Clarence Johnson, jointly indicted with defendants, but who had not been apprehended at the time of the trial. It was a matter within the sound discretion of the court. Charley v. State, 204 Ala. 687, 87 So. 177.

[2] There is no bill of exceptions, and, no error being apparent on the record, the judgment is affirmed.