(112 So. 813)

## BARROW v. STATE. (6 Div. 72.)

Court of Appeals of Alabama.  May 10, 1927.

F. F. Windham and J. H. Countryman, both of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of murder in the second degree and his punishment fixed at imprisonment in the penitentiary for a term of 20 years. It was shown that he killed his stepson by shooting him with a pistol.

■ "In passing initially upon the competency of children as witnesses, much must be left to the sound legal discretion of the trial court, and 'it is only in strong cases the ruling of the court admitting them as witnesses should be reversed.'" Crenshaw v. State, 205 Ala. 256, 87 So. 328. No abuse of the trial court's discretion is shown in his permitting Claud Barrow, nine years old, to testify.

■ The witness Henry Williams having testified that he did not know the general reputation of Rosa Barrow for truth and veracity in the neighborhood where she lived, it was proper to refuse to allow him to state whether or not he would believe her when she was testifying under oath. Stone v. State, 208 Ala. 50, 93 So. 706.

■ We do not think a proper predicate was laid for the question put to the witness Henry Vinson as to his not having heard anything against the defendant's reputation. It is no doubt true that a witness, shown to be properly qualified by acquaintance and association, or by proximity of residence, over a considerable period of time, may give in evidence the fact that he has heard nothing against the reputation of one whose character is at issue. But this witness Vinson did not qualify so as to give such testimony regarding defendant, and the trial court properly sustained the objection to the question put to him along this line.

■ The action of the court in overruling defendant's motion for a new trial is not presented to us for review, no exception thereto being shown by the bill of exceptions.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.