6 So.2d 603

## BLAKELY v. STATE.

### 4 Div. 658.

Court of Appeals of Alabama.
March 3, 1942.

W. R. Belcher, of Phenix City, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. A. Hare, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of assault and battery.

His counsel states, in his brief filed here, that "appellant admitted the assault and battery but contended that he fought justifiably under the doctrine of self defense."

But a single question seems to deserve treatment by us in this opinion. Appellant testified as a witness in his own behalf. Whereas the State's testimony tended to prove appellant guilty as charged, his own tended to prove him not guilty.

On rebuttal the State introduced as a witness one Louie Lane who testified on direct examination as follows, to-wit: "I am a member of the police department of Phenix City. I know Homer Blakely. I have known him around 8 or 10 years. I know his general reputation in this community for truth and veracity pretty well and that reputation is bad. Knowing his reputation, I don't think that I would believe him on his oath in a Court of justice in a case where he was interested."

On cross-examination this witness testified as follows, to-wit:

"That opinion is from my experience.

"Q. The opinion you have just expressed, that's your personal opinion is it not? A. Well what I am referring to, I've been on cases where he was involved.

"Mr. Belcher: (Interrupting) I object to that.

"The Court: He's trying to tell you on what he bases his opinion.

"Q. Is that your personal opinion or is that the way the people in the Community think? A. I'm speaking for nobody but myself.

"Q. In other words, you state that it's your personal opinion, is that right? A. Yes, sir."

Appellant, then (in the language of the bill of exceptions) stated: "I object to his testimony now, may it please the court, and move to exclude it." The court overruled his objection (motion) and he reserved an exception.

 We think the court erred, to a reversal of the judgment of conviction. The testimony of the witness Louie Lane seems to us to have been clearly admitted contrary to the rule of law which declares that "general character or reputation cannot be shown by the personal or individual knowledge of the witness." McGimpsey v. State, 20 Ala.App. 11, 100 So. 628; Stone v. State, 208 Ala. 50, 93 So. 706. We see no need to elaborate.

The judgment is reversed, and the cause remanded.

Reversed and remanded.