96 So.2d 306

**Lucius STEARNS**

**v.**

**STATE of Alabama.**

5 Div. 663.

Supreme Court of Alabama.

June 27, 1957.

Geo. P. Howard, Wetumpka, for appellant.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for the State.

**MERRILL, Justice.**

Appellant was convicted of murder in the second degree and sentenced to twenty-five years in the penitentiary. His motion for a new trial was overruled and he appealed.

The defendant shot and killed the deceased sometime after 1:30 A.M. on October 2, 1955. There was evidence that deceased was about drunk and that defendant had been drinking. Both were Negroes.

Because the judgment of conviction must be reversed, we discuss only two of the four instances in which it is argued that reversible error occurred. The other two should not arise on another trial.

◾ The defendant had taken the stand and his testimony, if believed, tended to make out a case of self-defense. He had testified that he knew that deceased had a reputation for being a violent, dangerous, bloodthirsty person. In rebuttal, the State was allowed to show by the sheriff, over objections, that defendant's reputation for being violent and bloodthirsty was bad. Defendant reserved an exception. This ruling of the trial court was reversible error.

In Dolan v. State, 81 Ala. 11, 1 So. 707, 713, Chief Justice Stone, speaking for the court, said:

"* * * The defendant has been examined as a witness in his own behalf. The statute secured him this right. The state, prosecuting him, was authorized to inquire into his character,— his general character. Ward v. State, 28 Ala. 53. But to what end? Simply for the purpose of attacking his testimony, and showing he was unworthy of belief. General inquiry into his usual character was permissible to the extent it affected credibility. For any purpose beyond this, the state was not permitted to press the inquiry, unless the defendant has first put his character in issue by offering testimony that it was good.

"The present case was an indictment and trial for murder. The defendant was permitted to prove, and did prove, that the deceased was a violent and turbulent man. No proof was made of the defendant's character for peacefulness or the contrary. None could have been made by the state unless the defendant had first put his character for peacefulness in issue by attempting to prove it good. * * *

"* * * A character for violence or turbulence sheds no light on the credibility of a witness; and such testimony was not admissible unless the defendant had first put his character for peace in issue. * * *"

The Dolan case had been cited many times for this proposition. We also quote from Brown v. State, 20 Ala.App. 39, 100 So. 616, 617:

"The presumption indulged in a criminal case is that the accused is innocent of the crime charged. This presumption is evidentiary in its nature and attends the accused throughout the trial or until the state, by legal evidence, has proven the guilt of the defendant to the satisfaction of the jury, beyond a reasonable doubt, and to a moral certainty. However bad the character of a person charged with crime may be,

even though such bad character may relate to the particular trait involved in the nature of the charge, a defendant cannot be convicted because of such bad character only, and evidence thereof is inadmissible as independent evidence to be offered by the prosecution. Evidence of the character of defendant is admissible only when such issue has been made by the defendant; except, of course, where the accused testifies as a witness in his own behalf, in which event he is subject to impeachment as would be any other witness but this must be limited by the court to the purpose of impeaching the defendant's credibility as a witness. Smith v. State, 197 Ala. [193] 199, 72 So. 316. These elementary rules of evidence have been stated many times, and the attention of the lower court and the solicitor is directed to a few of the decisions of the Supreme Court and of this court. Dolan v. State, 81 Ala. 11, 18, 1 So. 707; Sweatt v. State, 156 Ala. 85, 88, 47 So. 194; Cox v. State, 162 Ala. 66, 50 So. 398; Forman v. State, 190 Ala. 22, 26, 67 So. 583; Smith v. State, 197 Ala. 193, 199, 72 So. 316; Johnson v. State, 16 Ala.App. 72, 75 So. 278."

 The other occasion on which error occurred was when the court failed to exclude the sheriff's testimony with regard to the general reputation of defendant on the ground that it was based on the sheriff's personal knowledge. The sheriff had testified, as already shown, that defendant's reputation for being violent and bloodthirsty was bad. He testified the same as to the deceased. Then the following occurred:

"Q. From what you have heard as Sheriff? A. From what I know, From what I know."

Defendant's motion to exclude this testimony was overruled.

General character or reputation cannot be based on the individual or personal knowledge of the witness, and it was reversible error to overrule defendant's motion to exclude. Stone v. State, 208 Ala. 50, 93 So. 706; Jones v. State, 20 Ala.App. 247, 101 So. 331; Blakely v. State, 30 Ala.App. 397, 6 So.2d 603. The fact that on redirect examination the sheriff stated that his opinion was based on what he had heard *and* what he personally knew did not cure the error. Obviously, he was still making the point that his answer was based on his personal knowledge.

The judgment is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.

SIMPSON, J., concurs in the result.