329 So.2d 596

Winston **LEWIS**

v.

**STATE.**

I Div. 553.

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Rehearing Denied Oct. 21, 1975.

John F. Butler, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Gary R. Maxwell, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

A jury convicted appellant-defendant, pursuant to an incident, of possessing heroin contrary to law. Act No. 1407, Vol. 3, Acts 1971, p. 2378, § 204 (Schedule 1) (c)(10), p. 2384.

The trial court fixed punishment at three years imprisonment in the penitentiary. Defendant, an indigent here, appealed from the judgment.

The police officers in Mobile procured a valid search warrant for an apartment at a designated address in Mobile, and on Monday, March 18, 1974, proceeded to the address, in the daytime, to search the premises for narcotics.

Officer Seals knocked on the front door of the (two-story) apartment in response to which occupant, Raphael Morse, came to the door, and asked who it was. Officer Seals gave his name and official title. Morse, according to Officer Seals, pulled back the curtain over the glass window in the door and then proceeded to leave without making any effort to open the door.

Within five to ten seconds after the hurried departure, Officer Seals kicked the door open and entered just in time to see defendant make a hurried exit through a rear window to the ground. Officer Seals restrained Morse pending the chase of defendant.

The officer gave chase of defendant for a short distance, when the latter stumbled and fell. About this time the officer fired

his pistol one time into the air to try to stop the fleeing Lewis.

This officer observed when he got to Morse that he had in his hand some paraphernalia (we omit identification of items) for injection of heroin. Possession of such paraphernalia is a misdemeanor, § 507, p. 2401, Act No. 1407, supra. The officer arrested defendant thereupon for such unlawful possession and took him back into the apartment.

After this episode, the officers, Seal, Calhoun and Orso made a careful search of the premises and found five capsules of white powder (identified in the trial as heroin) under a rug in the bathroom. The officers seized the powder.

At the voir dire hearing in camera it appears that while in the apartment one of the officers read defendant his *Miranda* rights. Soon thereafter defendant and Morse were taken to the police station where defendant was detained in the interrogation room and again reminded of his rights previously read to him. The defendant admitted that he possessed the heroin which he bought from a "dude" in Prichard.

After an extended examination, direct and cross, relative to the confession which the officers said was freely given without force, threats or inducement, etc., the trial court overruled defendant's motion to suppress evidence of the confession and on trial admitted the capsules in evidence. A qualified State toxicologist testified that the powder in the capsules was heroin.

The State did not press the charge for possession of the paraphernalia which it appears defendant possessed when he was fleeing and was overtaken.

■ As we noted above, evidence was taken in camera in support of the State's contention that the confession of defendant that the heroin found in the bathroom was his. The record implies that the trial court ruled that the alleged confession was voluntarily given. The court exercised its prerogative in determining that issue. *Duncan v. State*, 278 Ala. 145, 176 So.2d 840(22).

■ The jury considers the weight and credibility of the confession. *Stone v. State*, 208 Ala. 50, 93 So. 706.

It is observed in 23 C.J.S. Criminal Law § 843, at p. 297, as follows:

"In connection with, and for the purpose of making its determination as to, the weight and credibility of confessions, the jury, under proper instructions, may and should hear and consider evidence of circumstances as to the voluntary character of the confession. Thus, it has been held that if the confession was found by the court in the preliminary hearing to have been freely and voluntarily made and is admitted in evidence, the evidence given on the preliminary examination to determine its admissibility may or should be repeated before the jury to enable them to pass on the credibility of the confession although refusal of the court to have such testimony transcribed and read to the jury has been held not error."

Numerous citations are listed including *Duncan v. State*, supra, (22), wherein the Supreme Court of Alabama, in an elaborate opinion written by Justice Lawson, observed:

". . . However, after the confession has been admitted the jury could consider the circumstances under which the confession was obtained, and the appliances by which it was elicited, including the situation and mutual relations of the parties in exercising their exclusive prerogative of determining the credibility of the evidence, or the weight to which it is properly entitled, in controlling the formation of a verdict."

In *Johnson v. State*, 242 Ala. 278, 5 So. 2d 632(6), cited in *Duncan*, supra, the eminent and late Chief Justice Gardner, writing for the court, observed:

"And after the confessions have been admitted, the jury may consider the circumstances under which the confessions were obtained, and the appliances by which they were elicited, including the situation and mutual relation of the parties, in exercising their exclusive prerogative of determining the credibility of the evidence, or the weight to which it is properly entitled in controlling the formation of the verdict."

We conclude therefrom that the trial court in the instant case committed reversible error in admitting in evidence before the jury, over the objection of defendant which was overruled, the alleged confession of defendant that the narcotic powders belonged to him, without the State having first adduced evidence theretofore offered in camera as to the voluntariness of the alleged confession. The jury in determining the weight and credibility of the confession was entitled to consider this predicative evidence. Likewise, by the same token and for the same reasons, the jury was entitled to hear the *Miranda* warnings heard in camera. Thus the State must prove voluntariness and the *Miranda* warnings in camera, and after approval by the trial judge, again establish voluntariness and a *Miranda* warning in the presence of the jury.

The trial court under the circumstances, supra, committed reversible error in overruling defendant's objection to the admission in evidence before the jury, the alleged confession of defendant.

The judgment is reversed and the cause remanded.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Reversed and remanded.

All the Judges concur.