PER CURIAM.
The appellant, Aaron Howard, was indicted on a charge of first degree murder, convicted of first degree murder and sentenced to be imprisoned in the penitentiary for a term of life imprisonment.
There is no conflict in the evidence presented in the trial court that on the morning of July 5th, 1975 appellant shot one William James Avery with a .25 caliber pistol and as a result thereof Avery died.
*839 The state’s evidence was sufficient to sustain a verdict of first degree murder. The appellant admitted the shooting and relied on self defense and presented evidence to the jury sufficient to sustain his defense, if believed by the jury.
The appellant was represented by counsel of his choice at all stages in this cause in the trial court, and is now represented in this Court by the same counsel appointed by court order.
This appeal was submitted to this Court on briefs. The appellant in his brief complains that the trial court committed prejudicial error in refusing to give at his request the following written jury instructions:
“Charge No. _JL
The Court charges the jury that the defendant may offer proof of his good character, and such proof taken in connection with all the evidence in the case may be sufficient to create a reasonable doubt of the defendant’s guilt.”
“Charge No. _8_
The court charges the jury that in all criminal cases under the law of our land every man on trial has the right to offer his standing in the community before the jury, not for the purpose of disproving that he did not do a thing, or that he did do a thing, but if he can show a good reputation it is for the jury to look at that reputation in connection with all the rest of the evidence to say whether or not a man of such standing would have done the thing he is charged with having done, and, if after considering all the testimony the jury have a reasonable doubt as to whether a man would do what he is charged with having done, bearing that good reputation, if the jury believe that has been established, then that may be sufficient to generate a reasonable doubt.”
Instructions Numbers 5 and 8 deal with the character of the appellant. During the trial questions were propounded to two witnesses by the appellant with reference to the general reputation and character of the appellant. The state objected to all these questions and the trial court correctly sustained the objections, and on one occasion when the witness answered a question after the state objected to it and before the trial court could rule on the objection the court excluded the answer from the consideration of the jury. The appellant in his brief does not complain of these rulings by the lower court.
There is in the record testimony of two witnesses for the appellant about the following: How long they had known him; where they lived; where appellant lived; that they were familiar with him; that they did not know of any trouble he had had; that they had had no problems with him; the kind of work he did; how long he had worked; they knew his family; and that he was a good worker.
In the case of Charles Frank Jones v. State, 53 Ala.App. 690, 304 So.2d 34, this Court said:
“It probably should be said also that character, good or bad, is not provable by one’s opinion or knowledge as to the character of another, but only, as a general rule, by evidence of general reputation. Stearns v. State, 266 Ala. 295, 96 So.2d 306, Wilcutt v. State, 41 Ala.App. 25, 123 So.2d 193, cert. denied, 271 Ala. 315, 123 So.2d 203.”
We have searched the record before us and do not find any evidence of the character, good or bad, of the appellant.
It is not error for a trial court to refuse to give an abstract instruction to a jury at the request of a defendant. Bill Kemp, Jr. v. State Of Alabama, 278 Ala. 637, 179 So.2d 762; Drake v. State, 51 Ala. 30; Walker v. State, 33 Ala.App. 614, 36 So.2d 117; Caldwell v. State, 36 Ala.App. 229, 55 So.2d 211; 256 Ala. 466, 55 So.2d 213.
We hold that in the absence of evidence of the character of the appellant, in the record, charges numbered 5 and 8 are abstract and it was not prejudicial error for the court to refuse to give them to the jury.
There being no other rulings of the trial court complained of in appellant’s brief, we *840 have examined carefully the entire record, including:
(a) The indictment;
(b) The Court Reporter’s certificate;
(c) The Circuit Clerk’s certificate;
(d) The judgment entry;
(e) All the evidence; and
(f) The actions of the trial judge.
We find from such examination that there is no error in the record prejudicial to the appellant.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
Affirmed.
All the Judges concur.