123 So.2d 203

**Herbert Eugene WILCUTT**

v.

**STATE of Alabama.**

**6 Div. 599.**

Supreme Court of Alabama.

Sept. 15, 1960.

Rogers, Howard & Redden, Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., opposed.

GOODWYN, Justice.

Petition of Herbert Eugene Wilcutt for writ of certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Wilcutt v. State, 123 So.2d 193. Our conclusion is that the writ is due to be denied. However, we think one of the thirteen grounds of the petition calls for discussion.

After the trial court's oral charge, the jury retired to the jury room for deliberation. After deliberating for some time, the jury returned to the courtroom, where the following occurred:

"The Court: Gentlemen, do you have some requests to make?

"A Juror: Yes, sir.

"The Court: All right, sir.

"The Juror: Judge, the part that you read to us from the Code, regarding the sentence is clear. The question is, whether or not some relief from the minimum sentence would be considered, the recommendation for any relief from the minimum sentence; would that be considered?

"The Court: As to whether or not it could be less?

"The Juror: Yes, sir.

"The Court: Gentlemen, under the —that Code Section does provide that the minimum sentence that could be fixed would be ten years. The indictment was drawn under that one Code Section there, that I read to you, providing that the punishment be at the discretion of the jury. It could be death, or it could be not less than ten years. Under the charge and the evidence that is the minimum under the law that could be—in the event of finding of guilty—that could be fixed. Yes, sir?

"A Juror: Could you read us the law, or anything, on probation?

"The Court: No, sir. Gentlemen, the laws says that in the trial of a case, we are not to be concerned with probation or matters of that sort, that we are only to be concerned with the actual trial of the case, that is, whether or not he is guilty or not guilty, and, if guilty, how much punishment?

"Is that any help to you?

"A Juror: Yes, sir.

"A Juror: In other words, the jury couldn't recommend probation at all to the Court? That is what we are trying to arrive at.

"The Court: Let me say this to you gentlemen: There is nothing to stop the jury from making any recommendation they might want to make.

"A Juror: Would it be considered?

"The Court: That, also, is something that I could not say. I will say this, that that is a matter strictly up to and in the discretion of the Court.

"A Juror: Could it be considered?

"The Court: I am afraid I couldn't answer that.

"A Juror: If there is a misunderstanding as to a certain, particular statement, and so forth, we can have that read to us, couldn't we?

"The Court: Yes, sir.

"A Juror: Ask for that particular statement?

"The Court: Is there something now you feel like might clarify it by rereading it?

"A Juror: I would rather think about it and then pin point it.

"The Court: We would have to do that in order to find it. If we knew what the testimony was, some of us probably could remember what witness testified concerning it, and if you knew which witness testified it would pin point it down a little further.

"All right, gentlemen, you may return to the juryroom.

"(Thereupon, at 9:40 A.M., the jury returned to the juryroom, and, at 9:41 A.M., the following was had and done:)

"Mr. Rogers: Judge, we want to except to that part of the Court's charge which told the jury that they could recommend anything that they wanted, and the failure of the Court to state to the jury that he was not bound by such recommendation and to further clarify it, and on the further grounds that it would be a bad, or an improper verdict for a jury to make such a recommendation, and on the further ground that, by implication, the jury might infer that such a recommendation would be considered and clemency granted.

"The Court: You might be right about that portion of it. Luther, bring them back out. I want to tell them about that one thing. I think you might possibly be right about it.

"(Thereupon, the jury was brought back out into the courtroom at 9:42 A. M., and, in the presence of the same parties, the following proceedings were had and done:)

"The Court: Gentlemen, the question was asked whether or not the jury could make a recommendation. I stated that the jury could recommend anything they wanted to, and I was asked whether it would do any good, or the Court would be bound by it. I would like to say that a recommendation made, in addition to some verdict, would not be binding on the Court.

"All right, gentlemen, I just wanted to give you that additional information.

"(Thereupon, the jury returned to the juryroom at 9:43 A.M., and, upon their return, the following proceedings were had and done:)

"Mr. Rogers: Judge, may I say this —

"The Court: Yes, sir.

"Mr. Rogers: Judge, we want to except to that other remark and to the failure of the Court to tell the jury that such a recommendation would be surplusage to the verdict, and that the Court wouldn't be bound by the same, it being surplusage, and the same being an improper verdict, and wouldn't be due to be considered by the Court— just that—that such a recommendation wouldn't be due to be considered by the Court.

"You overruled the objection, didn't you, Judge, and gave us an exception to it?

"The Court: That was just an exception to the charge. If the ruling was necessary, I would overrule, but I think just an exception covers it.

"Mr. Rogers: All right

"Mr. Mills: Based on the additional instructions that the Court gave the jury and the failure to give further qualifying instructions, we would like to move for a mistrial at this time.

"The Court: Overrule.

"Mr. Mills: We except."

The Court of Appeals held that petitioner's exception to the court's instruction came too late, since it was not taken before the jury again retired. Petitioner, while conceding that the general rule requires an exception to the court's oral charge to be taken in the presence of the jury, contends that, in this instance, the exception was properly taken after the jury again retired. In support of this contention, petitioner places principal reliance on Meadows v. State, 182 Ala. 51, 62 So. 737, 739, Ann.Cas.1915D, 663. It seems to us that that case and the instant case are clearly distinguishable. In Meadows the exception was not taken to any part of the trial court's oral instruction to the jury but to a reprimand directed to the jury. As there stated, the court's "language did not constitute an instruction on the law of the case, but constituted a reprimand to the jury." We think the case before us is controlled by the following from Meadows:

"Our rules require a party who reserves an exception to the oral charge, *or any part of the oral charge,* of a trial judge to a jury to do so in the presence of the jury and before the jury retires. * * *" [Emphasis supplied.]

Writ denied.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.