248 So.2d 763

**Charles JOHNSON**

v.

**STATE.**

**3 Div. 62.**

Court of Criminal Appeals of Alabama.

May 25, 1971.

Michael S. Lottman, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and James C. Heard, Asst. Atty. Gen., for the State.

726

PRICE, Presiding Judge.

This is an appeal from a conviction for the offense of larceny of an automobile of the value of $900.00.

The evidence for the state tends to show that about 1:30 A.M., October 5, 1969, W. N. Stoddard and a companion, Don Cooper, were returning to the parking lot of their apartment house in Cooper's automobile when Mr. Stoddard observed his automobile backing out of the lot. Mr. Cooper stopped his car and Mr. Stoddard began running toward his automobile. The driver of Mr. Stoddard's car attempted to drive between the Cooper car and a parked car. The left fender of the Stoddard car struck the fender of the Cooper automobile.

Mr. Cooper unlocked the door of the driver's side of the Stoddard car and pulled the driver out of the car and the two men held him until the police arrived. Mr. Stoddard and Mr. Cooper positively identified the appellant as the driver of Stoddard's automobile.

The defendant testified he left a party on Caffey Drive in Montgomery to walk to a filling station on Mobile Road to buy cigarettes and was returning to the party when a man he had never seen before stopped him and said he was having trouble with his car and asked him to sit in it and hold the accelerator. The stranger went across the street to a phone booth, and defendant had been sitting in the car about thirty seconds when Mr. Cooper, and Mr. Stoddard drove up at a high rate of speed and struck the automobile he was sitting in. Defendant testified he did not have a driver's license and did not know how to drive and that the car remained stationary.

The defendant's mother testified her son did not know how to drive an automobile.

The evidence was sufficient to sustain the conviction. The motion for a new trial was properly refused.

Appellant insists it was reversible error to deny his motion to be allowed to take a lie detector test. The fact of the taking of lie detector tests and the result of such tests are not admissible as evidence in this state. Wilcutt v. State, 41 Ala.App. 25, 123 So.2d 193, cert. den. 271 Ala. 315, 123 So.2d 203.

We are unable to review the contention of appellant that he was not represented by counsel at his preliminary hearing. The record contains no reference to a preliminary hearing, except as an assertion by appellant in his request for a lie detector test.

The principles of law set out in defendant's refused charges were fairly and substantially covered by the court's oral charge. Moreover, the charges were not hypothesized on belief from the evidence.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.