No. 74–536. BALLEW v. ALABAMA; and

No. 74–537. PIERCE v. ALABAMA. Sup. Ct. Ala. Certiorari denied. Reported below: No. 74–536, 292 Ala. 1460, 296 So. 2d 206; No. 74–537, 292 Ala. 473, 296 So. 2d 218.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted of distributing or exhibiting allegedly obscene publications in violation of Ala. Code,

Tit. 14, § 374 (4)(1) (Supp. 1973), which provides as follows:

> "Every person who, with knowledge of its contents, . . . sells, exhibits or commercially distributes, . . . any obscene printed or written matter or material, other than mailable matter . . . shall be guilty of a misdemeanor . . . ."

As used in § 374 (4), "obscene" means:

> "lewd, lascivious, filthy and pornographic and that to the average person, applying contemporary community standards, its dominant theme taken as a whole appeals to prurient interest." § 374 (3).

On appeal, the Alabama Court of Criminal Appeals affirmed the convictions. The Supreme Court of Alabama granted certiorari in both cases and affirmed.

It is my view that, "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton*, 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 374 (4), as it incorporates the definition of "obscene" of § 374 (3), is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California*, 413 U. S. 15, 47 (1973), I would therefore grant certiorari and, since the judgments of the Supreme Court of Alabama were rendered after *Miller*, reverse the convictions. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York*, 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Further, it does not appear from the petition or response in No. 74–536 that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioner Ballew must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate this judgment and remand for a determination whether petitioner Ballew should be afforded a new trial under local community standards.