Dave A. Harvey brought this wrongful death action against Luther Lee Mitchell to recover for the death of his minor son, Brian Keith Harvey, as the result of a traffic accident. State Farm Mutual Automobile Insurance Company, Harvey's uninsured motorist carrier, was also joined as a defendant. The complaint alleged that Brian Harvey died as a result of the negligent or wanton conduct of defendant Mitchell. The jury rendered a verdict for the plaintiff in the amount of $30,000.00.
 On August 31, 1985, at approximately 12:45 p.m., Brian Harvey and another boy, Brian Davis, were traveling north on Terry Road in Anniston, Alabama, when the motorcycle on which they were riding collided with a southbound pickup truck driven by Luther Lee Mitchell at the intersection of Terry Road and Lera Drive. Apparently, Mr. Mitchell made a sudden left turn into the path of the oncoming motorcycle in such a way that there was no opportunity for Brian Harvey, the operator of the motorcycle, to avoid the collision. Both boys died within minutes of the accident.
 Luther Mitchell had liability insurance with policy limits of $20,000.00 (the primary coverage). The Harveys had uninsured motorist coverage totaling $220,000.00 (the excess coverage). Apparently, efforts to secure a settlement with the primary carrier failed, resulting in this action.[1]
 Prior to the trial in this case, the court granted a motion in limine directing that the limits of liability contained in the plaintiff's uninsured motorist coverage not be disclosed to the jury. Harvey appeals, arguing that, because he included in his complaint a count alleging breach of contract, he was entitled to introduce the policies in their entirety, without having the liability limits excised as required by the motion in limine, and that it was error for the trial court to deny his motion for new trial on these grounds. *Page 773 
 Appellees argue the recognized rule that insurance coverage or the extent thereof is generally thought to be irrelevant to the issues in a tort case. State Farm points out that, while no prejudice was cited by Harvey resulting from exclusion of the policy limits, the prejudice to an insurer, such as State Farm, resulting from admitting evidence of policy limits would be tremendous. Appellee Mitchell argues that he is entitled to have a jury fix his liability without regard to the amount of insurance available.
 The position of Harvey is apparently premised on the notion that, should the jury find in his favor, he is entitled to recover an amount equal to the policy limits contained in the State Farm policies. This position is inconsistent with the current state of the law concerning uninsured motorist insurance coverage.
 The purpose of uninsured motorist coverage is to allow the insured, Harvey, to recover the amount of the jury verdict even if the tort-feasor does not have insurance coverage in that amount. In an action in which uninsured motorist coverage is involved, the plaintiff must show that he is legally entitled to recover damages against the uninsured motorist.[2] This showing includes: (1) establishing fault on the part of the uninsured motorist; and (2) proving the extent of the damages. State Farm Automobile Insurance Co. v. Baldwin, 470 So.2d 1230 (Ala. 1985). See, generally, Cooper v. Aplin, 523 So.2d 339 (Ala. 1988).
 The rule prohibiting the introduction of insurance coverage or policy limits in this type of case is a reasonable one. See Robins Engineering, Inc. v. Cockrell, 354 So.2d 1 (Ala. 1977). The determination of liability in a wrongful death case should be based on the degree of the defendant's wrong, not on the amount of insurance coverage. In this case, the amount of uninsured motorist coverage available was not relevant to any issue before the court. In addition, the possible prejudice resulting from its admission into evidence was great. It was clearly not an abuse of discretion for the trial court to exclude this potentially prejudicial fact from the jury's consideration.
 The question of the degree of the defendant's wrong, whether negligence or wantonness, is a matter properly left within the discretion of the jury. In a wrongful death case, damages awarded are in the form of punishment for the wrong committed, primarily for the purpose of deterring others from engaging in the same or similar conduct, and bear no relation to the amount of insurance coverage that may be available.
 For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] The State Farm Policy contained the following limitation with respect to uninsured motorist coverage:
 "THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENTS OF JUDGMENTS OR SETTLEMENTS."
At no time did State Farm deny the claim or refuse to make payment.
[2] According to Ala. Code (1975), § 32-7-23(b), an underinsured motorist is included in the definition of "uninsured motorist."