ALMO.N, Justice.
This is an appeal from the denial of a motion for a new trial filed by the plaintiff, Charles W. Warner, Jr., after the jury returned a verdict in his favor and against the defendants, Elsa Elliot and Elliot’s employer, the law firm of Owens, Benton & Simpson. The jury awarded Warner damages in the amount of $30,000. In his motion Warner alleged, inter alia, that the jury’s verdict was a “quotient verdict” and was therefore improper. The motion was denied, and the trial judge entered a judgment consistent with the jury’s verdict. Warner argues that the trial judge erred by refusing to consider testimony from three jurors that would have tended to impeach the verdict, while accepting testimony from a fourth juror that supported the verdict. Warner also argues that Alabama’s rule prohibiting testimony or affidavits from jurors that would impeach the jury’s verdict violates the guarantees of equal protection and due process provided by the Constitution of the United States and the Alabama constitution.
Warner and Elliot were involved in an automobile accident. At the time of the accident, Elliot was driving an automobile in the course of performing her duties for her employer, Owens, Benton & Simpson. Warner sustained a back injury in the accident and filed a complaint against Elliot and Owens, Benton & Simpson, alleging negligence and wantonness. After the jury had returned its verdict in favor of Warner, an attorney in the law firm that had represented Warner during the trial found several scraps of paper that indicated that each juror had written down a proposed damages award. Those figures had been totalled and then divided by 12, resulting in the quotient of $34,670. After the lawyer discovered those scraps of paper, Warner filed his motion for a new trial.
At the hearing on his motion, Warner attempted to present testimony from three jurors. The trial judge determined that the testimony that those jurors would give would tend to impeach the jury’s verdict and, therefore, could not be considered by the court. However, the trial judge allowed Warner’s witnesses to testify so that the record on appeal would be complete. To rebut Warner’s allegation that a quotient verdict had been rendered, the defendants presented the testimony of the jury foreman. He testified that the jurors had been unable to agree on an amount of *277 damages and therefore had agreed to submit proposed amounts in order to establish an average amount. The foreman also testified, however, that the jurors did not agree to be bound by the quotient and, in fact, continued to deliberate after the quotient of $34,670 was obtained, finally agreeing on an award in the amount of $30,000.
At the outset, this Court notes that there is a strong presumption that jury verdicts are correct, and ordinarily judgments based on verdicts will not be set aside unless they are shown to be plainly erroneous or manifestly unjust. Bussey v. John Deere Co., 531 So.2d 860, 861 (Ala.1988). Rulings on motions for new trial rest within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion, Coots v. Isbell, 552 So.2d 139, 142 (Ala.1989), and the presumption of correctness attending a jury verdict is strengthened by the trial court’s denial of a motion for new trial. Bussey, supra.
However, quotient verdicts are invalid, even if the amount of the verdict is not exactly, but only approximately, the same as the amount of the quotient arrived at by the jury. International Agricultural Corp. v. Abercrombie, 184 Ala. 244, 259, 63 So. 549, 553 (1913). In order to prove that a verdict is a quotient verdict and therefore invalid, one must show that the jurors agreed, prior to obtaining the quotient, that they would be bound by it and would accept it as their verdict. Alabama Power Co. v. Brooks, 479 So.2d 1169, 1179 (Ala.1985); Harris v. State, 241 Ala. 240, 2 So.2d 431 (1941). In addition, it must be shown that the jurors honored their initial agreement to be bound by the quotient. If, after obtaining the quotient, the jurors continue to deliberate and thereafter arrive at a different amount of damages, the verdict will not be considered a quotient verdict and will be sustained, absent some other infirmity. Western Union Telegraph Co. v. Hill, 163 Ala. 18, 37, 50 So. 248, 254 (1909). Despite the general prohibition against quotient verdicts, it is permissible for jurors to use the quotient process for the purpose of obtaining a figure that represents an average of the amounts the individual jurors feel should be awarded and that serves merely as a suggestion or basis for further discussion, deliberation, or consideration. Fleming v. Knowles, 272 Ala. 271, 277-78, 130 So.2d 326, 332 (1961).
Warner’s first argument is that the trial judge erred by refusing to consider the testimony of the three jurors he wished to put on as witnesses. We do not agree. As a general rule, “[njeither testimony nor affidavits of jurors are admissible to impeach their verdicts; however, such evidence is admissible to sustain them.” Brooks, supra, at 1178 (citation omitted). A review of the transcript of the testimony offered by the jurors Warner wished to present as witnesses shows that some of that testimony would have tended to impeach the verdict. However, the testimony presented by the jury foreman sustained the verdict and rebutted the presumption of a quotient verdict that was created when Warner introduced the scraps of paper from the jury room into evidence. Therefore, the testimony of Warner’s witnesses was properly excluded from consideration and the foreman’s testimony was properly admitted. Brooks, supra.
In addition, even if we were to hold that the court erred by refusing to consider the testimony that Warner wished to present, that error would not require reversal. A review of the testimony reveals that two of those jurors testified that although the jurors initially agreed to be bound by the quotient, they disagreed after obtaining the quotient and continued to deliberate. Those two jurors said that after obtaining the quotient, the jury considered awarding damages in an amount as low as $17,500, approximately one-half the amount of 'the quotient, before finally agreeing on the amount of $30,000. Therefore, the excluded testimony indicated that the quotient was not accepted by the jurors as their verdict, Brooks, supra, but merely served as a basis for discussion. Such a use of the quotient process is not prohibited. Fleming, supra.
Three of the four jurors either stated explicitly that the jurors did not agree to be *278 bound by the quotient or that they did not honor their initial agreement to be bound. Therefore, the preponderance of the evidence, including most of the evidence that Warner argues was wrongly excluded, indicates that the judgment was not based on a quotient verdict. Brooks, supra; Western Union Telegraph Co., supra.
Warner’s second argument is that our “anti-impeachment” rule violates the guarantees, of equal protection and due process extended by both the federal and state constitutions. The purpose behind the “anti-impeachment” rule is to protect the secrecy and sanctity of jury deliberations, thereby encouraging a free and frank exchange of ideas among the jurors. McDonald v. Pless, 238 U.S. 264, 267-68, 35 S.Ct. 783, 784, 59 L.Ed. 1300 (1915). This rule, with some variation, is followed in the federal courts and in the majority of other jurisdictions, and has been adopted as Federal Rule of Evidence 606(b).[1] See Annot., 8 A.L.R.3d 335 (1966).
This Court concludes that the “anti-impeachment” rule is a rational way of furthering the compelling governmental interests of: (1) protecting the integrity of the jury system; (2) preventing the introduction of unduly influenced juror testimony after trial; and (3) encouraging jurors to freely deliberate and reach a verdict without fear of post-trial harassment, publicity, or scrutiny. Therefore, it violates neither the equal protection nor the due process guarantees extended by our federal and state constitutions.
Having reviewed the record, we have found no reversible error. The trial court properly denied Warner’s motion for a new trial. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES and STEAGALL, JJ., concur.

. The exclusionary scope of Fed.R.Evid. 606(b) is broader than that of the common law "anti-impeachment” rule adopted and applied by this Court. Under the federal rule, juror testimony and affidavits are inadmissible if offered for the purposes of impeaching or supporting the verdict. J. Weinstein, Weinstein’s Evidence § 606[04] (1987).