Preferred Risk Mutual Insurance Company ("Preferred Risk") appeals from a judgment rendered on a jury verdict against it and codefendant Arthur Lee Blackman in an action by Preferred Risk's insured, Vivian J. Ryan, to recover uninsured motorist insurance benefits. The question presented is whether the trial court committed reversible error by admitting evidence of the limits of Ryan's uninsured motorist insurance policy.
Ryan and Blackman had a collision on a dirt road in rural Tuscaloosa County. As a result of the accident, Ryan suffered an injury to her larynx. She filed a complaint against Blackman, alleging both negligence and wantonness. She later withdrew her wantonness claim. Because Blackman was uninsured, Ryan also named her uninsured motorist insurance carrier, Preferred Risk, as a defendant, pursuant to the procedure set out by this Court in Lowe v. Nationwide Insurance Co.,521 So.2d 1309 (Ala. 1988). Preferred Risk opted to participate in the trial and filed a cross-claim against Blackman.
During the trial, the judge allowed Ryan to admit, over Preferred Risk's objection, evidence of the policy limits of her uninsured motorist coverage. Under that policy, Ryan's recovery was limited to $20,000. At the close of the evidence, Preferred Risk moved for a mistrial. It argued, inter alia, that the trial court's admission of the policy limits evidence was reversible error. That motion was denied. The jury then returned a verdict for Ryan and assessed damages at $20,000, and prejudgment interest in the amount of $1,900. The jury also returned a verdict for the same amount in Preferred Risk's favor on its cross-claim against Blackman. Preferred Risk's subsequent motion for j.n.o.v. or a new trial was denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P., and it appeals.[1]
Preferred Risk contends that the trial court's judgment is due to be reversed because: (1) evidence of insurance policy limits is, it argues, inadmissible as a matter of law; (2) there was no legal justification, it says, for admitting such evidence in this case; and (3) the admission of that evidence, it says, unduly influenced the jury's decision on the amount of damages to award. Therefore, it contends that it is entitled to a new trial.
Generally, rulings on the admissibility of evidence are within the discretion of the trial judge and will not be disturbed absent an abuse of that discretion. Ryan v. Acuff,435 So.2d 1244 (Ala. 1983). Notwithstanding that broad discretion, this Court has held that evidence of insurance coverage, or of the limits of a policy of insurance, is usually not relevant in tort cases, and, thus, that admission of such evidence is error. See Harvey v. Mitchell, 522 So.2d 771
(Ala. 1988); Otwell v. Bryant, 497 So.2d 111 (Ala. 1986); andKeown v. Monks, 491 So.2d 914 (Ala. 1986). The rationale underlying the general prohibition against such evidence is based on the possibility that injecting evidence of insurance coverage would unduly influence the jury's determination regarding liability and its assessment of damages. RobinsEngineering, Inc. v. Cockrell, 354 So.2d 1 (Ala. 1977).
The trial judge's decision to admit the policy limits evidence in this case appears to have been based on the unusual *Page 167 
nature of actions by insureds against their insurers for uninsured motorist benefits. Such actions, though based on contractual agreements, have their underpinnings in tort law. In order to recover, the insured must show (1) that he is covered under an uninsured motorist policy; (2) that an uninsured motorist was at fault; and (3) that he suffered damage. Harvey v. Mitchell, supra. The uncertainty caused by the dual nature of this type of action is evidenced by the fact that the trial judge initially held that the policy limits evidence was not admissible, then subsequently allowed it. The court stated:
 "The court has reviewed [the] question and has decided that the [evidence of the policy limits] amount is admissible in view of the fact that this case constitutes a claim on a contract. There is a crossclaim in this case also based under that contract and those amounts would be material if the issue of damages became pertinent to this case."
Because of our disposition of this appeal, it is not necessary for this Court to determine whether the conclusions contained in the trial judge's statement are correct statements of the law. However, we do point out that this Court has refrained from classifying actions for uninsured motorist benefits either as actions sounding in contract or as actions sounding in tort. Instead, we have recognized that such actions are unique and contain elements from both categories of actions. See, e.g., State Farm Mut. Auto. Ins. Co. v. Cahoon,287 Ala. 462, 468, 252 So.2d 619, 624 (1971).[2]
It is the policy of this State to uphold verdicts returned by juries. Warner v. Elliot, 573 So.2d 275 (Ala. 1990). Therefore, this Court will not reverse a judgment rendered on a jury verdict, even in the face of an erroneous ruling by the trial court, unless the appellant demonstrates that he was substantially prejudiced by the error. Costarides v. Miller,374 So.2d 1335 (Ala. 1979); Rule 45, Ala. R.App.P. This Court will not presume that an error was prejudicial. Bryson v.State, 264 Ala. 111, 84 So.2d 785 (1955). Nor have we held that the erroneous injection of evidence regarding insurance is, in every instance, prejudicial error requiring reversal.Thompson-Weinman Co. v. Robinson, 386 So.2d 409, 411
(Ala. 1980). The burden of establishing that an erroneous ruling was prejudicial is on the appellant. Dinmark v. Farrier,510 So.2d 819 (Ala. 1987).
In the instant case, Preferred Risk contends that a prejudicial effect is clearly demonstrated by the fact that the jury's verdict, not counting the award of prejudgment interest, was for $20,000, the amount of Ryan's policy limits. Despite its argument that the policy limits evidence unduly influenced the jury's assessment of damages, Preferred Risk does not argue that Ryan did not sustain, or failed to prove, damage in the amount of $20,000. In response, Ryan points out that $20,000 was the amount of damages requested by her lawyer during his closing argument. Although the parties' closing arguments are not in the record, Preferred Risk concedes this fact in its brief.
In addition, Ryan submitted the affidavit of the jury foreman in opposition to Preferred Risk's post-judgment motion. That affidavit tends to support Ryan's contention that the jury's assessment of damages was based on the amount of damages proved and requested by her lawyer, and contains the following relevant statements:
 "At no time during the jury's deliberations in this case did the existence or policy limits of Ms. Ryan's uninsured motorist coverage with Preferred Risk have any bearing on my opinion in deciding [the] issues. There was never any discussion of the policy limits of Ms. Ryan's uninsured motorist coverage during our *Page 168 
deliberations on any issues in this case. My decision to award $21,900 to Ms. Ryan, as well as to Preferred Risk from Mr. Blackman, was in no way influenced by the uninsured motorist coverage limit of the policy with Preferred Risk. There was no discussion of this policy limit during our deliberation of the amount to award Ms. Ryan against Preferred Risk and to Preferred Risk against Mr. Blackman. The jury and I arrived at the amount of $21,900 because that is the amount Ms. Ryan's attorney asked for as compensation for the injuries she received in the collision. The amount of the uninsured motorist policy limits had no bearing whatsoever on any decision I made in this case. The amount of the policy limits for uninsured motorist coverage was not discussed by my jury during its deliberations of any of the issues involved in this case."
Because the foreman's affidavit supported the verdict, rather than impeached it, it was properly considered by the court.Warner, supra.
In order to accept Preferred Risk's argument, this Court would be required to infer prejudice merely because the jury's verdict equaled the policy limits. After reviewing the record, we conclude that such an inference would not be valid. Because Preferred Risk was a party to this action, present before the jury throughout the trial, the possibility that the jurors were unduly influenced by the admission of the policy limits evidence is not as great as it would have been in an action against a private individual who carried insurance coverage. In addition, the fact that the jury's verdict was for $20,000 in damages appears to be explained by the fact that Ryan's lawyer requested that amount in closing argument. That conclusion is borne out by the jury foreman's affidavit. Furthermore, Preferred Risk does not argue that Ryan's evidence fails to support an award of $20,000 in damages. Therefore, Preferred Risk's argument that the trial court's error requires a reversal is without merit.
This opinion should not be read as a retreat from the general prohibition against the admission of policy limits evidence. The rationale for that prohibition was ably expressed by Maryland's highest court in Allstate Ins. Co. v. Miller,315 Md. 182, 191-92, 553 A.2d 1268, 1272-73 (1989):
 "[G]enerally . . . evidence of a defendant's insurance is inadmissible to show fault or lack thereof. Where the insurance carrier is a party to the suit, the existence of insurance obviously cannot be kept from the jury; however, the amount of uninsured motorist coverage should not be disclosed, unless the amount is in controversy. The rationale for this approach is that the coverage amount has no relevant bearing upon the jury's consideration of the issue of damages. Moreover, establishing the availability of a sum certain is likely to distort a jury verdict. The jury's knowledge of the available policy limits can work to the disadvantage of either party depending upon the circumstances of the case.
 "All this is perfectly sound tort law, and we apply it here because of what the jury was directed to consider, and all the jury was directed to consider, was the issue of damages in a tort case. In this posture of the case, and under these circumstances, rather than require a party to establish uninsured motorist policy limits as an affirmative defense or as a limitation of exposure, the better rule is to allow the jury to make its decision on the issue of damages without being informed of the amount of coverage available. Therefore, the admission of uninsured motorist coverage amounts should not be a tactical decision left to the parties' discretion. The fact of the limit of uninsured motorist coverage is irrelevant to the issue of the amount of tort damages. Here, no jury issue was presented concerning the $50,000 uninsured motorist coverage. Both the parties and the court were aware of the insurance policy limits. Under these circumstances, the jury's verdict should not have been influenced by extraneous factors such as the prospect of recovery or the availability of a specific sum of uninsured motorist coverage. *Page 169 
 "If the verdict exceeds the coverage amount, the trial court should then reduce the verdict, upon proper post-trial motion, to comply with the limits of the policy."
(Citations omitted.) The rationale expressed by this Court inHarvey v. Mitchell, supra, is not inconsistent with the principles set out by the Maryland court in Miller. Harvey was a wrongful death action and on that basis is factually distinguishable from both Miller and the instant case.
By affirming the judgment of the trial court, we work no change on existing law. Instead, we hold that even though the ruling admitting the evidence of the policy limits was error, Preferred Risk has not met its burden of showing that it was prejudiced by that ruling. Dinmark, supra; Rule 45, Ala.R.App.P. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] Blackman has not appealed from the judgment against him.
[2] In Cline v. Aetna Ins. Co., 317 F. Supp. 1229, 1231
(S.D.Ala. 1970), the district court held that under Alabama law, such actions are ex contractu, and, therefore, are governed by the six-year statute of limitations. Decisions of federal courts other than the United States Supreme Court, though persuasive, are not binding authority on this Court. Ballew v.State, 292 Ala. 460, 296 So.2d 206 (1974), cert. denied, Ballewv. Alabama, 419 U.S. 1130, 95 S.Ct. 816, 42 L.Ed.2d 830 (1975).