YATES, Judge.
This case concerns a public employee dismissal. On October 3,1991, Brian D. Bostick resigned his position with the City of Gadsden Police Department (City), following the initiation of an investigation against him of a complaint of sexual misconduct. Bostick requested reinstatement within thirty days of his resignation, and a hearing was held pursuant to the Gadsden Civil Service Board Rules. Following a hearing, the Gadsden Civil Service Board (Board) denied his request. An appeal to the Circuit Court of Etowah County resulted in a trial de novo and a jury verdict in favor of Bostick.
Bostick returned to work with the City, at which time the investigation of the sexual misconduct charges resumed. On April 27, 1992, following a hearing on the allegations against Bostick, the Board voted in favor of terminating his employment. He again appealed and received a trial de novo in the Circuit Court of Etowah County. Following a jury verdict in favor of the City and the *471 trial court’s denial of his motion for new trial, Bostick appeals to this court.
Bostick first contends that the trial court erred in allowing into evidence results of polygraph interviews. Testimony was allowed as to the results of an interview with the individual charging him with sexual misconduct and the results of his own interview concerning the allegations.
We agree with Bostick that both the results of and the fact that a person did or did not take a polygraph test are generally inadmissible. Johnson v. State, 46 Ala. App. 725, 248 So.2d 763 (Ala.Crim.App.1971). The facts of the present case, however, fall squarely within a recognized exception to the general rule where, in a civil action for wrongful dismissal against an employer, the results of a polygraph test may be admitted, if these results were used by the employer in reaching its determination. Green v. American Cast Iron Pipe Co., 446 So.2d 16 (Ala.1984). In Green, as here, evidence was presented that the polygraph was voluntarily taken by the employee (Bostick), and that the procedures of the employer, (Gadsden Police Department) provide that officers can be ordered to take polygraph tests.
The testimony of Lieutenant Melvin Green was in part as follows:
“Q. What is your particular job?
“A. I am in charge of internal affairs.
[[Image here]]
“Q. Were you in charge of the investigation into the allegations against Brian Bos-tick?
“A. Yes, ma’am.
[[Image here]]
“Q. Did you ask him [Bostick] if he would be willing to take a voluntary polygraph? “A. Yes.
“Q. And what was his response?
“A. He stated that if the complainant took a polygraph he would take one.
“Q. All right, did you tell him that she had—
“A. Yes, ma’am, I did.
“Q. —taken one? What did you do as a result of that?
“A. Well, after we told him that she had taken a polygraph, and she had passed it, that we needed for him to take one. We set up a polygraph for him, I think, the following Monday.”
Lieutenant Green further testified:
“Q. Okay, and in the police department rules and regulations, is it specified in there that officers can be ordered to take polygraph tests?
“A. Yes, ma’am.
“Q. Do they have a right to consult an attorney before—
“A. Not necessarily.
“Q. All right, so, that’s part of the administrative procedure?
“A. Right.
“Q. This is not a criminal—
“A. No.
“Q. —ease at this point?
“A. No.
“Q. So, the chief could order him to go ahead and take the polygraph with or without—
“A. Right.
“Q. —attorney—
“A. Right.'
Based on a review of the record, this court concludes the trial court properly admitted the polygraph test results.
Finally, Bostick contends that the trial court erred in limiting the scope of discovery as to charges against other police officers and the resulting punishments. Additionally, he claims error in the granting of the City’s motion in limine, which precluded testimony at trial on charges against other police officers and the resulting punishments.
“The Alabama Rules of Civil Procedure permit very broad discovery and the rules must be broadly and liberally construed. However, ARCP 26(c) recognizes that the right of discovery is not unlimited, and gives the court broad power to control the use of the process and to prevent its abuse by any party. The rule does not allow an arbitrary limit on discovery, but instead vests the trial court with discretion in the discovery process. The question on review *472 then becomes one of whether, under all of the circumstances, the trial court has abused this discretion.”
Campbell v. Regal Typewriter Co., 341 So.2d 120, 123 (Ala.1976) (citations omitted).
The record on appeal contains no adverse rulings on Bostick’s request regarding discovery of charges against other officers and their resulting punishments, except for the denial of a request for a particular videotape. On June 15, prior to the trial on June 22, the trial court, in response to Bostick’s request, told the attorneys, “[L]et me take some more argument on this, and I’m going to think about this situation, see if we can’t do something that is fair in the case. But, I sure don’t believe we need to get into trying any of these other cases.” On June 22, the only requested ruling adverse to Bostick concerned the videotape, and this court finds no error.
There was no ruling reflected in the record on the City’s motion in limine which absolutely limited testimony on charges and punishment regarding other officers. The record reflects the following exchange between Bos-tick’s attorney and the court:
“[BOSTICK’S ATTORNEY]: It is my understanding that the Court has ruled that I cannot go into any instances, any punishment that the Civil Service Board has done to other police officers, is that correct?
“THE COURT: Well, as far as the episodes themselves, I don’t know of any way to get into that. I assume that when — you certainly could put in that they have a wide range of things that they can do as far as suspension, so forth, based upon what they deemed to be appropriate under the circumstances. But, I’m not going to get into trying those other cases because each one of them has a separate set of circumstances and facts.
“[BOSTICK’S ATTORNEY]: Judge, we would except to that ruling.”
Bostick was not precluded from attempting to present the evidence. He was precluded, however, from attempting to try unrelated cases. Evidence as to other instances of punishment by the Board was not offered at trial, and without an offer of proof at trial, the trial court will not be held in error. An offer of proof is necessary to preserve the issue for appeal. Bush v. Alabama Farm Bureau Mutual Casualty Insurance Co., 576 So.2d 175 (Ala.1991). Based upon the foregoing, we affirm the trial court’s decision in this case.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.