KENNEDY, Justice.
We granted Brian D. Bostick’s petition for certiorari review of a judgment of the Court of Civil Appeals affirming a judgment based on a jury verdict in favor of the respondent, the City of Gadsden. See Bostick v. City of Gadsden, 642 So.2d 469 (Ala.Civ.App.1993). At issue here is whether that court reversibly erred in holding that the trial court properly admitted the results of two polygraph tests into evidence.
As an employee of the City of Gadsden’s police department, Bostick became the subject of an inter-departmental investigation based on a charge of official misconduct; a woman had accused Bostick of making improper sexual advances toward her. Her allegations, if true, indicated official misconduct that, under the terms of Bostick’s employment, could be punished by dismissal. Bostick denied the allegations, and, as part of the investigation, he and his accuser voluntarily took polygraph tests. The accuser’s polygraph results indicated that she truthfully stated her allegations. Bostick’s results indicated that he untruthfully denied the allegations.
At the conclusion of the investigation into the matter, Bostick had a hearing before the civil service board for the City of Gadsden to resolve the charge against him. The civil service board found, after considering the polygraph results and other evidence, that official misconduct had occurred. It voted to terminate Bostick’s employment. Bostick appealed for a de novo hearing in the circuit court, where the question whether Bostick had engaged in terminable misconduct was tried before a jury. At that trial, and over Bostick’s objections, the court admitted into evidence the polygraph results of Bostick and his accuser. Based on special interrogatories, the jury returned a verdict finding that Bostick had engaged in official misconduct and that the appropriate penalty for this misconduct was termination of his employment. Bostick appealed to the Court of Civil Appeals, based, in pertinent part, on his contention that the trial court had reversibly erred in admitting the results of the two polygraph tests into evidence. The Court of Civil Appeals, relying on Green v. American Cast Iron Pipe Co., 446 So.2d 16 (Ala.1984), held that the trial court properly admitted the polygraph results.
In Green, this Court stated a narrow exception to the general rule prohibiting evidence that a person did or did not take a polygraph test and evidence of the results of such a test. That ease involved an action for damages based on a theory of wrongful discharge where a term of the plaintiffs employment was that his employer could consider the results of a voluntary polygraph test in evaluating allegations of misconduct. The employee had voluntarily taken a polygraph test; that test had indicated that he was untruthfully denying allegations against him, and the employer considered the results of the test in deciding to discharge him. Id. *474 The Court held that “under the facts of this case, results of the polygraph test given [the employee] were admissible.” Id. at 20.
Green indicates that in a case like this one, the applicability of the exception to the general rule turns on whether the employee and the employer have agreed or “stipulated,” as a term of employment, that polygraph results can be considered by the employer on a question of terminable misconduct.[1] We observe that where an employee’s lawsuit calls into question the employer’s justification for a discharge, the employee has effectively “opened the door” to proof of the employee’s “negative” polygraph results that have been properly considered by the employer, under the terms of employment, on the question of terminable misconduct.
We hold that Bostick’s polygraph results were admissible. It is undisputed that the terms of Bostick’s employment provided that the results of a polygraph test taken by him could be considered by the City of Gadsden in considering charges of misconduct. It was proper, therefore, that the jury — which was to determine, in a manner consistent with the terms of his employment, whether Bostick had engaged in terminable misconduct — be permitted to consider the results of Bostick’s polygraph test.
The trial court also admitted the results of the accuser’s polygraph test. Nothing in the record indicates that as a term of Bostick’s employment he and the city had agreed that the results of another person’s polygraph test could be considered on charges of misconduct by Bostick; i.e., nothing in the record supports a conclusion that those results were admissible under the Green exception. However, “this Court will not reverse a judgment rendered on a jury verdict, even in the face of an erroneous ruling by the trial court, unless the appellant demonstrates that he [or she] was substantially prejudiced by the error.” Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165 (Ala.1991). We will “not presume that an error was prejudicial.” Id. Bostick does not address the question of prejudice[2] and, therefore, has not met his burden of demonstrating that he was “substantially prejudiced” by the admission of the results of the accuser’s polygraph test.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL and INGRAM, JJ., concur.
ALMON, J., concurs in the result.
HOUSTON, J., dissents.

. We emphasize, however, that the mere existence of a term of employment permitting the employer to consider such results, does not render the results per se admissible. Even where the exception would apply, evidence of polygraph results is still subject to other general admissibility rules, e.g., relevancy requirements.

. Even if Bostick had addressed the question of prejudice, there was ample evidence before the jury, independent of the accuser’s polygraph results, from which the jury could reasonably infer the truth of the allegations.