WOODALL, Justice
(concurring in part and dissenting in part).
I concur fully in Part II of the majority opinion. Also, I concur in Part III to the extent that it holds that the trial court’s order granting Walter Austin and Charlene Austin’s motion for taxation of additional costs is due to be affirmed. However, I respectfully dissent from Part III insofar as it reverses the trial court’s order denying the motion for a satisfaction of the judgment filed by Nationwide Mutual Fire Insurance Company.
The majority has, in my opinion, overlooked the purpose of the underinsured-motorist coverage purchased by the Austins. Once Stephen Anthony Horton’s fault is established and the extent of the Austins’ damages proved, “[t]he purpose of [underinsured-jmotorist coverage is to al *1248 low [the] insured ... to recover the amount of the jury verdict even if [Horton] does not have insurance coverage in that amount.” Harvey v. Mitchell, 522 So.2d 771, 773 (Ala.1988). The only limit on the Austins’ recovery of underinsured-motorist benefits is the policy limit of such coverage. “ ‘Underinsured motorist coverage provides compensation to the extent of the insured’s injury, subject to the insured’s policy limits.’” State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 811 (Ala.2005) (quoting Hardy v. Progressive Ins. Co., 531 So.2d 885, 887 (Ala.1988)). Thus, where a policy provides underin-sured-motorist coverage in excess of the statutorily required minimum, such minimum coverage is irrelevant to a determination of an insured’s rights under the policy, and I cannot agree with the majority’s conclusion to the contrary.
The Austins have established that they “are legally entitled to recover damages from [the] owner[ ] ... of [an underin-sured] motor vehicle[] because of bodily injury.” § 32-7-23(a), Ala. Code 1975 (emphasis added). Thus, as stated above, the Austins are entitled to recover to the extent of their injuries, subject only to the applicable policy limit. Nationwide is not entitled to reduce its obligation to its insureds by reducing the insureds’ recovery of underinsured-motorist benefits by the amount paid to them under their medical-payments coverage. See McKinney v. Nationwide Mut. Fire Ins. Co., 33 So.3d 1203 (Ala.2009) (Woodall, J., concurring in the result).
COBB, C.J., and LYONS, J., concur.